# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JASPER E. SANDERS,<br>       Plaintiff | )<br>)<br>) | C.A. No. 11-322 Erie |
| vs. | )<br>) | District Judge McLaughlin<br>Magistrate Judge Baxter |
| BEN EVANS, et al.,<br>       Defendants. | )<br>) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

### I.    RECOMMENDATION

It is respectfully recommended that this action be dismissed as legally frivolous in accordance with 28 U.S.C. §1915(e).

### II.    REPORT

#### A.    Relevant Procedural and Factual History

Plaintiff Jasper E. Sanders, presently incarcerated at the Erie County Prison in Erie, Pennsylvania, brings this *pro se* action against the following Defendants: Ben Evans, a private citizen ("Evans"); and Dowlings Tavern, a bar located at 1132 Cascade Street in Erie, Pennsylvania. Plaintiff claims that on January 3, 2010, Defendant Evans "attacked" him inside Dowlings Tavern, punched him in the face, pushed him to the ground, and "put his weight and knee into the plaintiff['s] stomach, in which he had just had surgery done June 16, 2009 for pancreatic cancer, thereby causing Plaintiff a great deal of pain to his stomach and the punch to his face and the suffer from his fall." (ECF No. 1, Complaint, at Section IV.C). As relief, Plaintiff requests monetary damages. In addition, Plaintiff filed a motion to proceed *in forma pauperis* [ECF No. 4], which has been granted by this Court.

### B. Standards of Review

#### 1. PLRA

The Prison Litigation Reform Act (hereinafter, "PLRA"), Pub.L.No. 104-134, was enacted to amend 28 U.S.C. §1915, which establishes the criteria for allowing an action to proceed without payment of costs. Section 1915(e), as amended, states in relevant part: "[t]he court shall dismiss the case at any time if the court determines that -- ...(B) the action or appeal -- (I) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted...." A claim is frivolous if it: 1) is based upon an indisputably meritless legal theory and/or, 2) contains factual contentions that are clearly baseless. Neitzke v. Williams, 490 U.S. 319, 327 (1989). A plaintiff has failed to allege a viable claim if the court is satisfied "that no relief could be granted under any set of facts that could be proved consistent with the allegation." Hishon v. King & Spaulding, 467 U.S. 69, 73 (1984); Conley v. Gibson, 355 U.S. 41 (1957). This Court has discretion to dismiss frivolous or malicious in forma pauperis complaints under 28 U.S.C. § 1915(e). Wilson v. Rackmill, 878 fd 772, 774 (3d Cir. 1989). The U.S. Supreme Court has instructed that section 1915(e) provides the Court with the authority "... to dismiss a claim based on an indisputably meritless theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." Neitzke v. Williams, 490 U.S. 319, 327 (1989). In fact, the statute not only empowers the Court to screen out frivolous cases before the complaint is served, it actually encourages it. Roman v. Jeffes, 904 F.2d 192, 195-96 (3d Cir. 1990).

#### 2. *Pro Se* Pleadings

*Pro se* pleadings, "however inartfully pleaded," must be held to "less stringent standards than formal pleadings drafted by lawyers" Haines v. Kerner, 404 U.S. 519, 520-521(1972). If the court can reasonably read pleadings to state a valid claim on which the litigant could prevail, it should do so despite failure to cite proper legal authority, confusion of legal theories, poor syntax and sentence construction, or litigant's unfamiliarity with pleading requirements. Boag v.

MacDougall, 454 U.S. 364 (1982); United States ex rel. Montgomery v. Bierley, 141 F.2d 552, 555 (3d Cir. 1969)(petition prepared by a prisoner may be inartfully drawn and should be read "with a measure of tolerance"); Freeman v. Department of Corrections, 949 F.2d 360 (10th Cir. 1991). Under our liberal pleading rules, a district court should construe all allegations in a complaint in favor of the complainant. Gibbs v. Roman, 116 F.3d 83 (3d Cir.1997). See, e.g., Nami v. Fauver, 82 F.3d 63, 65 (3d Cir. 1996)(discussing Fed.R.Civ.P. 12(b)(6) standard); Markowitz v. Northeast Land Company, 906 F.2d 100, 103 (3d Cir. 1990)(same). Because Plaintiff is a *pro se* litigant, this Court will consider facts and make inferences where it is appropriate.

### C. Discussion

Although not stated in the complaint, it is presumed that Plaintiff is attempting to bring this action pursuant to 42 U.S.C. § 1983, as no diversity of citizenship or federal question has otherwise been asserted. In order to prevail on a Section 1983 claim, Plaintiff must establish that Defendant Evans acted under color of state law. See Flagg Bros., Inc. v. Brooks, 436 U.S. 149 (1978). If a defendant did not act under color of state law, then there is no basis for jurisdiction under Section 1983. Rendell-Baker v. Kohn, 457 U.S. 830, 838 (1982). Plaintiff has not alleged that Defendant Evans was a state actor or that his conduct was "fairly attributable to the state." See Lugar v. Edmundson Oil Co., 457 U.S. 922, 937 (1982). Moreover, Plaintiff has not alleged any facts to show that Defendant Dowlings Tavern acted under color of state law or violated his rights in any way. Thus, Plaintiff's complaint should be dismissed as frivolous.

## III. CONCLUSION

For the foregoing reasons, it is respectfully recommended that Plaintiff's complaint be dismissed as frivolous in accordance with 28 U.S.C. § 1915(e).

In accordance with the Federal Magistrates Act, 28 U.S.C. § 636(b)(1), and Fed.R.Civ.P. 72(b)(2), the parties are allowed fourteen (14) days from the date of service to file written

objections to this report and recommendation. Any party opposing the objections shall have fourteen (14) days from the date of service of objections to respond thereto. Failure to timely file objections may constitute a waiver of some appellate rights. See Nara v. Frank, 488 F.3d 187 (3d Cir. 2007).


                                                  /s/ Susan Paradise Baxter
                                                  SUSAN PARADISE BAXTER
                                                  United States Magistrate Judge


Dated: January 27, 2012

cc:    The Honorable Sean J. McLaughlin
       United States District Judge